# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **GERALD L. TATUM** | **CIVIL ACTION NO. 3:15-cv-1779** |
|     **LA. DOC #560444** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN TIM MORGAN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Gerald L. Tatum, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 27, 2015. Petitioner attacks his 2011 conviction for armed robbery and the 55 year sentence imposed thereon by the Thirty-Seventh Judicial District Court, Caldwell Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

Petitioner was convicted of armed robbery on June 28, 2011. [Doc. 1, ¶3(b)] He was subsequently adjudicated a second offender and sentenced to serve 55 years at hard labor.  He claims that he did not appeal [Doc. 1, ¶6]; however, the published jurisprudence of the State of Louisiana reveals that he appealed his conviction and sentence to the Second Circuit Court of Appeals raising claims of insufficiency of the evidence and excessiveness of sentence. On August 15, 2012, his conviction and sentence were affirmed. *State of Louisiana v. Gerald L.*

*Tatum*, 47,292 (La. App. 2 Cir. 8/15/2012), 103 So.3d 550. According to the presumptively reliable published jurisprudence of the Louisiana Supreme Court, he did not seek further direct review in that Court.

On October 7, 2013, he filed an application for post-conviction relief in the District Court.  His application was denied on October 8, 2013.  His applications for writs were thereafter denied by the Second Circuit Court of Appeal on March 14, 2014, and by the Louisiana Supreme Court on January 23, 2015. [Doc. 1, ¶7; Doc. 1-2, p. 5; see also *State of Louisiana ex rel. Gerald L. Tatum v. State of Louisiana*, 2014-0784 (La. 1/23/2015), 159 So.3d 455; see also Doc. 1-3]

On May 27, 2015, he filed the instant petition. In his rambling memorandum, it appears that he argues the following claims for relief – (1) trial court erred when it failed to excuse Jurors Sheila Coates and Jessie McClanahan for cause; (2) counsel was ineffective for withdrawing his peremptory challenge of Juror Coates; (3) the prosecution was permitted to impeach its own witness; (4) trial counsel withdrew objection concerning the admission of certain evidence; (5) the prosecutor propounded leading questions to his witnesses; (6) the evidence was insufficient to convict; and,  (7) the sentence was excessive. [Doc. 1-2]

### *Law and Analysis*

### *1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are  in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period  [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts.  *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction to the Second Circuit Court of Appeals.  On August 15, 2012, his conviction and sentence were affirmed. *State of Louisiana v. Gerald L. Tatum*, 47,292 (La. App. 2 Cir. 8/15/2012), 103 So.3d 550. Pursuant to Supreme Court Rule X, §5(a), petitioner had 30 days following the Second Circuit's mailing of notice of judgment within which to petition the Supreme Court for further direct review, or, until on or about September

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

15, 2012.[2]  However, according the available evidence, he did not seek further direct review in the Supreme Court. Therefore, petitioner's judgment of conviction "... became final by ... expiration of the time for seeking [further direct]  review..." under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired on September 15, 2012. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' [The] time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's ...  decision, challenge that decision in the state Supreme Court.")

Thereafter, since petitioner's judgment of conviction became final under the AEDPA on September 15, 2012, he had 1-year, or until September 15, 2013, to file his federal *habeas corpus* petition.

On October 7, 2013, he filed his application for post-conviction relief in the District Court. [Doc. 1, ¶7] However, by the time he filed that application, the one-year period of limitation established by the AEDPA had already expired, and, as noted above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court must be counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).

---

[2] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

In short, the available evidence establishes that petitioner's federal *habeas* petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

## 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case.  It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

## 3. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH**

**PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**[3]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum**

---

[3] **As noted above, petitioner is encouraged to file timely objections to this Report and to provide evidence in support of any claim he may have to establish that his petition is timely or, if untimely, that he is entitled to equitable tolling of the AEDPA's limitation period. SHOULD HE OBJECT, HE IS SPECIFICALLY DIRECTED TO PROVIDE SUCH EVIDENCE TO ESTABLISH THAT HIS PETITION IS NOT TIME-BARRED OR IN THE ALTERNATIVE TO ESTABLISH HIS ENTITLEMENT TO EQUITABLE TOLLING.**

**setting forth arguments on whether a certificate of appealability should issue.**  See 28

U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District**

**Judge at the time of filing.**

     In Chambers, Monroe,  Louisiana, July 17, 2015.

                    **KAREN L. HAYES**
                    **UNITED STATES MAGISTRATE JUDGE**