UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **GERALD L. TATUM** | **CIVIL ACTION NO. 15-1779** |
| **LA. DOC #560444** | |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WARDEN TIM MORGAN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is a Petition for Writ of *Habeas Corpus* filed by *pro se* Petitioner Gerald L. Tatum ("Tatum"), pursuant to 28 U.S.C. §2254. Tatum attacks his 2011 conviction for armed robbery and the subsequent 55-year sentence imposed by the Thirty-Seventh Judicial District Court, Caldwell Parish.

On July 17, 2015, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 6] in which she recommended that the Court dismiss the Petition as time-barred by the provisions of 28 U.S.C. §2244(d).

On July 31, 2015, the Clerk of Court received and docketed Tatum's timely filed objections [Doc. No. 7].

Having reviewed the Report and Recommendation and the record in this matter, including Tatum's objections, the Court finds that Magistrate Judge Hayes correctly stated and applied the law and hereby ADOPTS her Report and Recommendation. However, the Court issues this Ruling to address one argument Tatum raised for the first time in his objections.

In her Report and Recommendation, Magistrate Judge Hayes recounted Tatum's

procedural history. Tatum timely appealed to the Second Circuit Court of Appeals and on August 15, 2012, that court affirmed his conviction and sentence. It is further undisputed that Tatum failed to seek further direct review in the Louisiana Supreme Court; thus, his conviction and sentence became final on September 15, 2012.

As Magistrate Judge Hayes correctly states in her Report and Recommendation, Tatum had one year from the date his conviction and sentence became final, or until September 15, 2013, to file his federal *habeas corpus* petition. Tatum did not file his federal petition prior to the expiration of this period. Further, as Magistrate Judge Hayes also found, Tatum did not file any pleadings in state court during this one-year period.

On October 7, 2013, after the expiration of the one-year period, Tatum filed an application for post-conviction relief in the district court. He continued to pursue post-conviction relief in state court until the Louisiana Supreme Court denied writs on January 23, 2015.

Magistrate Judge Hayes found, and the Court agrees, that Tatum's filings from October 7, 2013, forward did not serve to interrupt the running of his prescriptive period because the one-year period had already expired prior to that date. She also found, and the Court again agrees, that Tatum had not presented a basis for equitable tolling this matter.

However, in his objections, Tatum alleges that between September 12, 2013, and October 7, 2013, he was in isolation and on suicide watch. [Doc. No. 7]. He immediately filed his application for post-conviction relief in the district court. Based on these alleged facts, Tatum argues that he is entitled to equitable tolling.

First, it is clear that, as Magistrate Judge Hayes found, Tatum's Petition was untimely

filed under the ADEPA's statutory provisions. Though there is a tolling provision contained in 28 U.S.C. § 2244(d)(2), any lapse of time before the filing of an application for post-conviction relief in state court is counted against the one-year limitations period. The limitations period is tolled only during the time a properly filed application for post-conviction relief is pending in state court. In this case, even if the Court were to assume that Tatum properly filed his application for post-conviction relief on October 7, 2013, his time for filing with this Court had already expired on September 15, 2013. Therefore, he cannot obtain relief under § 2244(d)(2).

Second, the Court has also considered whether Tatum is entitled to application of the equitable tolling doctrine because he was "prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). From October 7, 2013, forward, it appears that Tatum pursued his rights diligently. However, he had already allowed 361 days to pass untolled prior to his placement in isolation and on suicide watch. Even if the Court accepts that he is entitled to equitable tolling from September 12, 2013, through the Louisiana Supreme Court's denial of writs on January 23, 2015, his filing in this Court is still untimely. Once the denial issued, the limitations period was no longer tolled, and he had four days to file his Petition with this Court. Yet, he failed to file his Petition until four **months** later. Thus, Tatum's untimely filing is not saved by the application of the equitable tolling doctrine either.[1]

Accordingly, for the reasons set forth in the Report and Recommendation of Magistrate

---

[1] Tatum does not assert that he was either actively misled by the State or that he suffered some type of general mental incapacity or defect preventing him from filing before or after this one period of isolation.

Judge Hayes and for these additional reasons, the Court will DISMISS WITH PREJUDICE Tatum's Petition for Writ of *Habeas Corpus.*

      MONROE, LOUISIANA, this 28th day of August, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE